UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TONI HORN, | ) | CASE NO. 1:13CV2155 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| CITY OF CLEVELAND, | ) | |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #5) of Defendant, City of Cleveland, to Dismiss Plaintiff's Complaint. For the following reasons, the Motion is denied.

### I. BACKGROUND

Plaintiff, Toni Horn, filed her Complaint against the City of Cleveland on September 30, 2013, pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e-2. She alleges two Counts against her municipal employer, Gender Discrimination and Retaliation.

On November 27, 2013, Defendant moved to dismiss the Complaint, contending that,

"the Complaint contains only generalized allegations of unlawful conduct with no specific, factually enhanced allegations to make out [] *prima facie* case against the Defendant." (ECF DKT #5 at 2). Additionally, Defendant argues that the City is protected by statutory immunity; and that, by failing to attach a right-to-sue letter to her pleading, Plaintiff did not exhaust her administrative remedies. Plaintiff filed her Memorandum in Opposition (ECF DKT #6) on December 27, 2013, and submitted a copy of her EEOC right-to-sue letter (dated July 2, 2013) as an exhibit.

## II. LAW AND ANALYSIS

### Civil Rule 12(b)(6) Standard

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). The court need not, however, accept conclusions of law as true:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [*Bell Atlantic v.*] *Twombly*, 550 U.S. 544, 127 S.Ct. 1955 [(2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-Defendant-unlawfully-harmed-me accusation. *Id.* at 555. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a Defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a Defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

According to the Sixth Circuit, the standard described in *Twombly* and *Iqbal* "obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 541 (6th Cir.2007) (quoting *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2nd Cir.2007)).

The Court should disregard conclusory allegations, including legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555; *J & J Sports Prods. v. Kennedy*, No. 1:10CV2740, 2011 U.S. Dist. LEXIS 154644, *4 (N.D.Ohio Nov. 3, 2011).

In her Complaint, Plaintiff recites that, since 1989, she has been employed by the City of Cleveland in the Department of Public Works, Division of Waste Collection and Disposal. She alleges that she is the only female manager in that Division. In Count One, Plaintiff claims that she was illegally disciplined, that she was deprived of promotions to which she was entitled, and that Defendant's actions were motivated by gender discrimination. Consequently, she pursued a union grievance and filed a charge of sex discrimination with the EEOC. In Count Two, Plaintiff alleges that she received a 15-day suspension in retaliation for filing a grievance and for filing the EEOC charge. Plaintiff adds that, in further retaliation, Defendant has unjustifiably refused to process her grievances.

Defendant's assertion that Plaintiff did not exhaust her administrative remedies has been countered by Plaintiff's submission of the right-to-sue letter. (ECF DKT #6, Exhibit A).

Defendant contends that Ohio Revised Code Section 2744.02 provides the City with general immunity from claims arising out of the performance of a governmental function.

However, Defendant has not shown, as a matter of law, that immunity bars Plaintiff's civil rights action brought pursuant to Title VII.

Finally, Defendant argues that the Complaint is a generalized medley of allegations, without facts to support a prima facie case of employment discrimination. Although the Court agrees that the Complaint is sparse, Plaintiff provides dates on which she was disciplined, on which she pursued her grievances, and on which she filed her EEOC charge. Allegedly, all the City's actions, including denying promotions and issuing suspensions, were motivated by gender discrimination. Plaintiff is not required to make out a prima facie case of employment discrimination at the Complaint stage. The prima facie standard under the *McDonnell Douglas* framework is an evidentiary standard, and not a pleading requirement. *Serrano v. Cintas Corporation*, 699 F.3d 884, 897-98 (6th Cir.2012) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002)).

### III. CONCLUSION

Upon consideration of the parties' briefs and the applicable law, the Court finds that Plaintiff's Complaint is sufficient to state a claim to relief that is plausible on its face. Therefore, the Motion (ECF DKT 35) of Defendant to Dismiss Plaintiff's Complaint is denied.

**IT IS SO ORDERED.**

                                          <u>s/ Christopher A. Boyko</u>
                                          **CHRISTOPHER A. BOYKO**
                                          **United States District Judge**

**Dated: April 8, 2014**